MONTGOMERY WARD & CO. *v*. UNITED STATES

No. 4710.—Invoice dated Berlin, Germany, May 4, 1937.
            Certified May 7, 1937.
            Entered at Denver, Colo., June 8, 1937.
            Entry No. 486.

(Order on rehearing (Reap. Dec. 4612) dated January 23, 1940)

*G. W. R. Wallace* (*Barnes, Richardson & Colburn, Joseph Schwartz* of counsel) for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks* and *Samuel D Spector*, special attorneys), for the defendant.

ORDER

KEEFE, Judge: In this reappraisement advances were made by the appraiser upon certain meat choppers imported from Germany. At the trial counsel for the importers made a motion to vacate the appraisement upon the ground that the collector's designation of the number of packages for examination was improperly made under the provisions of section 499. The summary sheet attached to the entry papers discloses that the only notation the collector made as to the examination of packages was "Ten percent". Counsel for the importers contend that the collector is required to designate the packages to be examined by the appraiser rather than to make a blanket designation.

Decision was rendered on June 23, 1939, Reap. Dec. 4612, wherein the court found that the collector had neither designated the packages to be examined nor indicated the marks and numbers thereof, in accordance with the mandatory regulations of the Secretary of the Treasury and the provisions of section 499, and the motion to set

aside and vacate the appraisement as null and void was granted, judgment being entered accordingly.

Counsel for the Government moved for a rehearing of the matter upon the ground that the appraiser, in his examination of the 12 packages imported, had examined all of the same, and therefore the error upon the part of the collector was not such as to warrant the declaration that the appraisement was null and void. The motion for a rehearing was granted, and the case again comes before me for consideration upon the motion.

Section 499 of the Tariff Act of 1930, provides as follows:

\* \* \* *The collector shall designate the packages or quantities* covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. [Italics not quoted.]

The Customs Regulations of 1931 and T. D. 45936 provide as follows:

ART. 307 (c) The collector shall designate on the permit and on the summary sheet (Customs Form 6417), the packages to be examined and may, if he deems it necessary, indicate them on the entry. \* \* \*

ART. 308 (b) Under the heading of "For examination" collectors will designate the packages to be examined by marks and numbers, if any, and the place where the examination is to be made.

As previously stated in Reap. Dec. 4612, the collector has neither designated the packages to be examined nor indicated the marks and numbers thereof, in accordance with section 499, and the regulations of the Secretary of the Treasury, as amended. However, the question arises whether or not the provisions of section 499 have been substantially complied with, when the collector has indicated what is to be examined by placing the words "Ten percent" in the space where designated packages are required to be indicated. It is noted that section 499, *supra*, directs the collector to designate the packages or the quantities, and it is urged that the designation "Ten percent" indicates the quantities that should be examined by the appraiser.

In the case of *United States* v. *Davis*, 20 C. C. P. A. 306, T. D. 46087, where the merchandise consisted of certain pickled beef packed in barrels and shipped in carload lots, this court held that the collector had failed to designate the statutory number of barrels required to be opened and examined for the purpose of appraisement, and also that the appraiser examined less than 10 per centum of the barrels in the importation, and therefore the requirements of section 499 were

not complied with. Upon appeal, the appellate court noted that the collector designated—

all of the shipments for examination by placing the car number of each shipment in the space where designated packages are required to be indicated.

The court approved such designation as a compliance with the statute in the following language:

We do not think there is any substantial evidence to support the finding of the court below that the collector failed to designate the statutory number of barrels required to be opened and examined for purposes of appraisement. * * * it (the record) shows that the collector designated the entire shipment in each case for examination by placing the car number in the space where designated packages are required to be indicated. This was a full compliance with the statute. * * *

However, as the appraiser had failed to examine 10 per centum of the merchandise in each of the shipments, the appraisements were held void.

In the case of *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118, the collector noted upon each of 51 entries covering smoked meats that the imported goods named therein were to be examined by the appraiser at "Greene Street", which was the American Railway Express Co. terminal. All of the goods were then examined by the appraiser. No particular packages were designated for examination. After a review of the law the court found that a certain amount of flexibility must be given to sections 2899 and 2901, of the Revised Statutes, which related to the collector's designation of packages for examination. The court stated:

Without denying in any degree their mandatory quality, there are still well-understood and perfectly logical and reasonable exceptions to their strict letter.

\*  \*  \*  \*  \*  \*  \*

It can not, therefore, be said that, under the Tariff Act of October 3, 1913, and preceding statutes, unless one package in ten, or more, were designated by the collector and sent to the public stores, all proceedings in the matter of the appraisement of the goods were a nullity.

In view of the decisions cited, it would appear that the designation "Ten percent" indicated by the collector as the quantities to be examined by the appraiser is a sufficient compliance with the mandatory provisions of the statute. If the notations "Greene Street" and that of railroad car numbers are sufficient to indicate that all of the merchandise imported was to be examined, the notation made by the collector in the reappraisement before us is sufficient to indicate to the appraiser that 1 out of every 10 cases imported should be examined. The appraiser in his examination of all of the cases of meat choppers imported, also complied with the mandatory provisions of the statute.

For the reasons stated, motion to vacate the appraisement is therefore denied. While upon rehearing this reappraisement was sub-

mitted by both sides upon the record already made, I note that at the first hearing thereof, the case was continued, pending action upon the motion to vacate the appraisement, and no evidence was produced respecting the merits. Therefore, in order to protect the importers' right of having his day in court, the case will be restored to the next Chicago docket for all purposes.

It is so ordered.