(C. D. 430)

New York Merchandise Co., Inc. *v.* United States

United States Customs Court, Third Division

(Decided January 30, 1941)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Evans, Judge: This is an action against the United States in which the plaintiff seeks to recover certain sums of money collected as customs duties upon importations at the port of Los Angeles, Calif. Plaintiff claims that the liquidation of the entry is invalid because based upon an illegal appraisement, in that the collector did not designate, nor did the examiner and appraiser examine at least 1 out of 10 packages as provided for in section 499 of the Tariff Act of 1930. It is further claimed that the merchandise should be assessed on the basis of the entered value without assessment of dumping duties, and that the appraiser did not comply with the law and regulations in assessing dumping duty.

*Protest 993607–G*

At the hearing at the port of Los Angeles no testimony was produced but the attorney for the plaintiff admitted that the total number of cases designated on both invoices is 10 per centum of the total number of cases contained on the two invoices. The Government was granted time for brief, but no brief was filed by either side.

Section 499, *supra*, insofar as pertinent, provides as follows:

\* \* \* The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. \* \* \*

In its pleadings the importer cites the case of *Daniel F. Young, Inc.* v. *United States*, Reap. Dec. 4476. That case involved the question of whether or not a special regulation had been made permitting a less number of packages than 1 in 10 to be examined. In the case now before us the attorney for the Government admitted that there was no special regulation covering this merchandise. The case cited, therefore, is not in point.

The attorney for the plaintiff at the hearing abandoned his claim as to invoice 619, as the summary sheet covering that invoice shows that 12 out of 45 cases were designated for examination.

We therefore have before us for determination the question whether a designation of 1 out of 10 packages of the entire importation, which was covered by two invoices, is sufficient under the law. An inspection of the invoices discloses that the merchandise on the two invoices consisted of various kinds of commodities. Invoice 619 covered 45 packages, 12 of which were designated by number for examination. Invoice 1629 covered 175 packages, 15 of which were designated by number for examination. The statute quoted above is plain and requires the designation of "not less than one package of every invoice and not less than one package of every ten packages of merchandise." Although this court and the Court of Customs and Patent Appeals have had before them for consideration on numerous occasions the question of whether the requirements of the statute were complied with in the designation of packages for examination, the precise point raised here has not, so far as we have been able to find, been before either body. In a number of decisions it has been held that the duty imposed upon the collector of designating the number of packages to be examined is mandatory. See *Loeb* v. *United States*, 1 Ct. Cust. Appls. 385, T. D. 31479; *Carey & Skinner* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118; *United States* v. *Steffan & Sons*, 18 C. C. P. A. (Customs) 455, T. D. 44702; *United States* v. *Gilson Bros.*, 20 C. C. P. A. (Customs) 117, T. D. 45753; *C. J. Tower & Sons* v. *United States*, 21 C. C. P. A. (Customs) 417, T. D. 46943; *United States* v. *Davis, etc.*, 20 C. C. P. A. (Customs) 305, T. D. 46087; *United States* v. *Geo. W. Beermaker, etc.*, 23 C. C. P. A. (Cus-

toms) 48, T. D. 47714; *United States* v. *Boston Paper Board Co.*, ibid. 372, T. D. 48233.

As stated above, an inspection of the two invoices covered by the entry herein discloses that various kinds and quantities of merchandise are covered thereby. The only proof adduced is contained in the official papers and the admission of the attorney for the plaintiff at the hearing that the total number of cases designated on both invoices is 10 per centum of the total number of cases contained on the two invoices. Section 499, *supra*, requires that "not less than one package of every ten packages of merchandise" shall be designated for examination by the collector. It is to be observed that this language differs from that immediately preceding it, i. e., "not less than one package of every invoice." It would therefore seem that Congress in enacting the section did not intend that 10 per centum of each invoice must be designated, but that a designation of 10 per centum of all the merchandise covered by the entry was sufficient. Inasmuch as it is admitted that 10 per centum of the entire importation was designated for examination, and in the absence of any proof except that appearing on the official papers, we hold that there has been a sufficient compliance with the requirements of the statute and overrule plaintiff's claims both as to the merchandise covered by entry 619, as to which all claims were abandoned, and as to entry 1629.

## *Protest 993605–G*

In this case as in Protest 993607–G, no testimony was adduced. It was admitted by the attorney for the plaintiff that there were 100 packages entered on 3 invoices and that 25 packages in all were designated for examination. (An inspection of the invoices shows that there were 210 packages.) The designations as they appear on the summary sheets are as follows: Invoice 7172, the number 9 appears in the space headed "Packages to be examined:" Invoices 1205 and 4008, the number 8 appears in said space.

Plaintiff's attorney cited in support of his contention Reap. Decs. 4476, 4558, 4612, and 4103. As stated above, Reap. Dec. 4476 is not in point. In Reap. Dec. 4558 it was held upon the testimony there produced that not 1 in 10 of the packages was opened and examined. Reap. Dec. 4612 was reversed on rehearing (Reap. Dec. 4710) and the designation "Ten per cent" was held sufficient. In Reap. Dec. 4103 it was conceded that no packages were designated or examined. We therefore find that the cases cited are not controlling of the issue raised herein.

On authority of Reap. Dec. 4710, *supra*, we hold that the designation of 9 and 8 is a sufficient designation. We further hold, for the reasons set forth above in protest 993607–G, that the designation of

25 packages out of the 210 covered by the entry was a sufficient compliance with the statute. We therefore overrule plaintiff's claims as to this protest.

Judgment will be rendered for the defendant in each case. It is so ordered.