UNITED STATES v. JOHN A. CONKEY CO. (VULCAN MATCH CO.) ET AL.

No. 5235.—Invoices dated Helsingfors, Finland, July 29, 1929, etc.
Entered at Boston, Mass., August 29, 1929, etc.
Entry No. 3515, etc.

Third Division, Appellate Term

(Decided April 24, 1941)

Charles D. Lawrence, Acting Assistant Attorney General (Daniel I. Auster, special attorney), for the appellant.
Lamb & Lerch (John G. Lerch and David A. Golden of counsel, Daniel P. McDonald, associate counsel) for the appellees.

Before CLINE, EVANS, and KEEFE, Judges; EVANS, J., concurring

KEEFE, Judge: These appeals for review involve five reappraisements covering importations of strike-on-box matches imported from Finland and Latvia and entered at Boston under the provisions of the Tariff Act of 1922. The appraiser advanced the value and made a finding of dumping duty in conformity with T. D. 44716 and T. D. 44719. The validity of the appraisements was attacked in the court below upon the grounds that the collector failed to designate and the appraiser failed to examine sufficient packages as required by section 499 of the Tariff Act of 1922.

The trial court held that the mandatory provisions of section 499 and the customs regulations prescribed thereunder were not complied with and that the appraisement in each instance was null and void ab initio.

Upon appeal the Government contends as follows: that the record established a lawful and proper designation and examination under the Tariff Act of 1922 and the regulations; that matches in commercial usage are bought and sold by sample and therefore under article 692 may be appraised upon samples selected by a customs sampler; that articles 688, 694, and 1242 were promulgated under authority of

section 499 in which Congress authorized the Secretary of the Treasury to require an examination of less than 10 per centum of merchandise if the revenue would be amply protected thereby, and such regulations direct that samples shall be selected by the sampler sufficient to enable the appraiser to appraise and advisorily classify the merchandise; and that the long-continued practice in the designation and examination of samples in the manner used in the reappraisements before us has the implied approval of Congress.

On the other hand, it is the contention of the importers in these appeals that the collector failed to meet the requirements of the statute in that he did not designate the packages to be examined and in addition that the appraiser failed to meet the statutory requirements by not examining at least 1 in every 10 packages on each invoice and therefore a valid appraisement was not made.

The evidence before us discloses the following facts. The entry papers in each case have attached thereto Customs Form 6417, as prescribed in article 684 and, under the head "For examination." the collector has made the following designation: "Ex on Whf 1 in 10," except upon the entry covered by reappraisement 100599–A where the notation "1 in 10" does not appear. The collector failed to point out in each lot designated, the particular case by number to be examined. The appraiser failed to examine 1 package out of every 10 packages on any of the invoices. The lower court in its decision has detailed the testimony in respect to the designation and the action taken by the customs officials and it will serve no purpose to repeat it here. See Reap. Dec. 5038.

In respect to the purchase and sale of matches by sample through commercial usage, the importers introduced evidence to establish that matches are bought and sold throughout the United States upon specifications or by brand rather than by sample, which the Government attempted to meet by the introduction of testimony of a witness to the effect that, in making sales of matches, a sample of unknown brands was occasionally exhibited to customers, but samples were not left with the customers.

The involved section 499 of the Tariff Act of 1922 reads in part as follows:

* * * The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. The collector or the appraiser may require such additional packages or quantities as either of them may deem necessary.

General regulations were promulgated by the Secretary of the Treasury pursuant to the provisions of the Tariff Act of 1922 in the Customs Regulations of 1923. The pertinent regulations involved herein provide as follows:

Art. 271. **Designation on entry how merchandise is to be examined.**—The collector will designate on the entry, permit, and invoice not less than 1 package of every invoice and not less than 1 package of every 10 packages of merchandise, unless a less number is authorized by the Secretary of the Treasury. The collector or the appraiser may require such additional packages or quantity as either of them deem necessary. If the merchandise is bulky the collector will direct examination on the wharf or other suitable place, subject to the approval of the appraiser. When merchandise is to be gauged, measured, or weighed, the collector will make such order on the entry and permit.

Art. 280. **Statement of entered value, examination packages, etc., to be attached to invoice.**—Collectors will securely attach to each invoice a statement, Customs Form 6417, * * *

Under the head of "For examination" collectors will designate the packages to be examined and the place where the examination is to be made.

Art. 684. **Invoices—Transmission of.**—The collector will transmit the invoice to the appraiser after having attached thereto Customs Form 6417, on which he has designated the packages to be examined and the place of examination, and other required data.

Art. 688. **Examination of explosives.**—Matches and other inflammable, explosive, and dangerous articles will be examined at the importer's stores or other suitable places, and not at the appraiser's stores.

Art. 692. **Appraisement on samples.**—The appraiser may make appraisement on samples of such merchandise as is, by commercial usage, bought and sold by sample.

*The samples shall be selected by a customs sampler, or other authorized customs officer, from the packages designated by the collector for examination, and shall be properly marked to insure identification.* [Italics not quoted.]

Art. 694. **Action by the appraiser.**—The appraiser shall examine all merchandise designated by the collector and such additional packages or parts thereof as he may deem necessary. * * *

Art. 1242. **Samplers, duties of.**—Samplers will take sufficient samples to enable the appraiser to appraise and advisorily classify merchandise which is ordered for wharf examination by the collector or as directed by the appraiser.

It will be noted from the above that section 499 directs the collector to designate the packages to be opened and examined for the purpose of appraisement at the designated place of examination, and specifically provides that not less than 1 package of every invoice and not less than 1 package of every 10 packages of merchandise shall be so designated. From this mandatory provision of the statute only one exception is made, that is, if the Secretary of the Treasury is of the opinion that the examination of a less proportion of packages will amply protect the revenue he may, *by special regulation,* permit a less number of packages to be examined. General regulations such as are promulgated under the Customs Regulations of 1923 are not intended to take the place of special regulations under the wording of the statute. In

order that less than the statutory number of packages ordered for examination legally meet the requirements of the statute, the Secretary of the Treasury is required to issue a special regulation to that effect. See *United States* v. *Young*, 27 C. C. P. A. 124, C. A. D. 73; *Tower* v. *United States*, Reap. Dec. 3472.

There is nothing in the regulations authorizing the examination of less packages than 1 in 10 when the merchandise for examination is, by commercial usage, bought and sold by sample, because article 692 specifically directs that the samples shall be selected from the packages designated by the collector for examination. Article 1242 specifically directs the sampler to take sufficient samples to enable the appraiser to appraise the merchandise but such authorization does not permit a sampler to use his own judgment in selecting the packages from which samples shall be taken. It directs the sampler to remove sufficient samples from each package designated by the collector so as to enable the appraiser to make his return. In enacting section 499 Congress provided safeguards in the selection of samples for examination by requiring the collector, who has the invoices only before him, to designate the particular packages to be examined by the appraiser or by the sampler when examination is authorized by sample. Therefore the designation of the collector of certain packages for examination eliminates the possibility of collusion between the examining officials and the importer.

A long-continued practice of the customs officials in the selection of samples from importations of matches from less than 1 in 10 packages upon each invoice, in the absence of special regulations, does not legalize an unlawful practice. Mandatory provisions of the statute may not be altered or abridged by a long-continued practice. Our appellate court has held that such long-continued practice, either before or after such decision, is without legal effect. See *United States* v. *Mills & Gibb*, 8 Ct. Cust. Appls. 422, T. D. 37667; *United States* v. *Northam Trading Corp.*, Reap. Dec. 4537.

Although we thoroughly agree with the lower court that it is immaterial whether or not the matches in question are by commercial usage bought and sold by sample, inasmuch as the Secretary of the Treasury has not issued any special regulations relative to the same and the samples were not selected from 10 per centum of the packages upon any of the invoices involved herein, we have carefully examined the evidence submitted upon this question and upon the weight thereof we find as a fact that matches are bought and sold throughout the United States upon specifications or by brand rather than by sample.

The main question involved, whether or not a legal appraisement of the merchandise has been made, has been decided by this and our appellate court in a number of decisions and we do not feel it necessary

to review these cases here. Our views thereon have been sufficiently expressed in a recent case before this division which we believe to be on all fours with the case now before us. In that case, to wit, *New York Match Co., Inc., et al.* v. *United States*, C. D. 255, the merchandise involved was strike-on-box matches imported during the years 1929 to 1934, and Judge Evans, writing the opinion of this court, stated:

It is now well settled that unless the provisions of section 499, *supra*, have been met by the customs officials in the appraisement of merchandise, such an appraisement is void. The latest decision which summarizes the law and cites the authorities in support of such a statement is found in the case of *United States* v. *Daniel F. Young, Inc.*, Suit 4233, decided October 30, 1939, C. A. D. 73.

Inasmuch as an appraisement is a necessary preliminary step in the determination of whether or not dumping duties shall be assessed in a proper case, it likewise must follow that a void appraisement cannot support the assessment of dumping duties under the Antidumping Act of 1921. It was so held in the case of *C. J. Tower & Sons* v. *United States*, 21 C. C. P. A. 417, T. D. 46943.

Since the testimony in the instant case shows that the collector failed to make the statutory designation and, further, that the appraiser failed to examine the requisite number of packages, we hold that the appraisement in each case is void. Inasmuch as the appraisements were void they would not support a valid liquidation. *United States* v. *Tampa Box Co.* 15 Ct. Cust. Appls. 360, T. D. 42561; *Peabody* v. *United States*, 12 Ct. Cust. Appls. 354, T. D. 40491; and *United States* v. *Gilson*, 20 C. C. P. A. 117, T. D. 45753.

Following the ruling of this court in the case of *Canadian Pacific Railway* v. *United States*, T. D. 49023, 71 Treas. Dec. 936, we hold that the collector should reliquidate on the basis of the entered values in each case.

See also the case of *Pistorino & Co., Inc.* v. *United States*, C. D. 127, wherein the collector designated "Ex. one Bal 1 in 10 on Whf" and examination was made of the statutory 10 per centum of the importation but 10 per centum of the cases were not opened.

For the reasons stated, and following the decisions cited, upon the evidence and records before us we make the following findings of fact:

1. That the merchandise involved herein consists of strike-on-box matches imported from Finland and Latvia.

2. That the designation of the collector of the packages for examination, to wit, "1 in 10" is an illegal designation for the merchandise.

3. That the merchandise was examined upon the wharf by taking samples and that the sampler failed to draw samples from 1 case in 10 from the various invoices.

4. That the Secretary of the Treasury did not issue a special regulation authorizing an examination of a less proportion of packages than authorized by the first portion of section 499 of the Tariff Act of 1922.

5. That the designation of the collector of packages for examination and the examination of packages or of samples taken from examination packages was not in accordance with the law and the regulations.

6. That in commercial usage upon the evidence before us matches are not bought and sold throughout the United States by sample.

We conclude, as matter of law, that the appraisement of the merchandise involved in the reappraisements herein was illegal and void *ab initio*, and hold that the collector should liquidate the entries on the basis of the entered values in each case. The judgment of the trial court is therefore hereby affirmed.

EVANS, Judge: I concur in the result.