GEO. WM. RUEFF, INC. *v.* UNITED STATES

No. 5560.—Invoice dated Helsingfors, Finland, December 14, 1935.
Entered at New Orleans, La., January 27, 1936.
Entry No. 2077.

(Decided January 21, 1942)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* and *J. Stuart Tompkins* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Daniel G. McGrath, Dorothy C. Bennett,* and *Daniel I. Auster,* special attorneys), for the defendant.

OLIVER, Presiding Judge: This is an appeal to reappraisement under section 501 of the Tariff Act of 1930 from the value found by the United States appraiser at the port of New Orleans on certain machine-glazed kraft paper exported from Finland.

Counsel for plaintiff have limited this appeal to the claim that the appraisement is null and void for the reason that the collector failed to designate and the appraiser failed to examine, 1 out of every 10 packages as required by section 499 of the Tariff Act of 1930.

Section 499, so far as pertinent for the purpose of this case, reads as follows:

* * * The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose     Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined.     * * *

Judicial interpretation of the provisions of section 499, *supra,* has been before this Court and the Court of Customs and Patent Appeals many times—*United States* v. *Steffan,* 18 C. C. P. A. 455, T. D. 44702; *United States* v. *Davis,* 20 id. 305, T. D. 46087; *United States* v. *Gilson,* id. 117, T. D. 45753; *Tower* v. *United States,* 21 id. 417, T. D. 46943,— and under the cited authorities it is now settled law (1) that the duty of the collector to designate for examination 1 package of every 10 packages of imported merchandise is mandatory unless the Secretary of the Treasury by special regulation permits a less number of packages to be examined; and (2) that it is essential, as a condition precedent to a valid appraisement, that not less than 1 package of every 10 packages of imported merchandise shall be opened and examined for purposes of appraisement, unless the Secretary of the Treasury shall, by special regulation, permit a less number of packages to be examined.

Since there is nothing in the record to indicate that any special regulation was promulgated by the Secretary of the Treasury with respect to the designation and examination for appraisement purposes of merchandise like that involved herein, it necessarily follows that the provisions of section 499, *supra,* must be strictly complied with.

The importation in question consisted of 1,213 reels of machine-glazed kraft paper, and each individual package containing one reel was wrapped, including the ends, sealed, and each had an identifying

number. While the designation by the collector, as disclosed from an examination of the official papers, was that three reels be examined at the appraiser's stores and of the balance 10 per centum be examined at the wharf, such designation was a blanket one without mention of the specific reels to be examined. Such a general designation, in my opinion, does not meet the statutory requirements. It is true that an officer of the importing corporation testified that all of the merchandise included in the shipment in question was of the same character as invoiced, but certainly such testimony cannot be accepted in lieu of compliance with the mandatory provisions of section 499, *supra*. Where, as in the present case, merchandise is imported in packages that are marked with identifying symbols or numbers, there must be a definite designation of the packages to be examined, and the statute specifically imposes that duty on the collector. An indefinite designation which includes the notation by rubber stamp "Balance 10% Wharf," like that issued herein, in effect shifts the burden of designation to the appraiser, which is clearly contrary to law and therefore must be held to be defective. *Union Importing Co.* v. *United States* (Reap. Dec. 4558) and cases therein cited; *John A. Conkey Co.* v. *United States* (Reap. Dec. 5038)

Besides being convinced that the collector's designation was defective, I am also satisfied, on the basis of the testimony adduced herein as hereinafter outlined, that the provisions of section 499, *supra*, requiring that the designated packages be *opened and examined*, were not complied with.

At the hearing of this case at New Orleans, the port of entry, plaintiff called as witnesses certain custom officials, including the examiner of the paper involved herein and his clerk, for the purpose of showing what examination, if any, was actually made for the purposes of appraisement. From the testimony of those witnesses, it appears that the three reels ordered to the appraiser's stores were there examined by taking off the outer wrapper which consisted of heavy wrapping paper, removing samples—approximately 2 or 3 yards of the paper—examining the merchandise, and checking the marks and numbers on the merchandise with those appearing on the invoice. Following such examination, the reels were returned to their original condition by replacing the outer wrapper, and sealing both ends of the package with paper tapes having an adhesive coating.

Neither the examiner nor his clerk had any recollection of a wharf examination of any of the reels of paper included in the shipment under consideration. Without referring to this particular importation but speaking of his general practice in making wharf examinations of paper imported in reels, similar to the merchandise in question, the examiner further testified that he never examined the merchandise itself but merely checked identifying marks and numbers; and that he never

kept any record of nor indicated in any way the reels so examined. He further stated in connection with such wharf examinations that he frequently found a small tear in the outer wrapper that enabled him to identify the merchandise, otherwise he would tear a small piece or part of the wrapper to get the identification he sought.

At the conclusion of the hearing at the port of entry the case was transferred to St. Louis, the place of business of the importer of this merchandise. At the trial in St. Louis, the treasurer of the importing corporation testified that he ordered this machine-glazed kraft paper which was the first shipment received by his concern of such paper, from Finland; and that he inspected the importation on its arrival in Oklahoma City from the port of entry and that, except for three reels which had been cut open and rewrapped, none of the merchandise showed signs of having been opened and examined.

The contention of counsel for defendant that the admission by this witness, that all of the merchandise included in the involved shipment was exactly as invoiced was in effect a waiver of the provisions of section 499, *supra*, is wholly untenable. It has been repeatedly held, under the authorities cited herein, that the provisions of that section of the tariff act are mandatory, and failure to strictly adhere to them is fatal to a valid appraisement. Nor has the case of *United States* v. *Geo. W. Beermaker*, 23 C. C. P. A. 48, T. D. 47714, cited in defendant's brief, any application herein. In that case, the collector had designated all of the imported merchandise for examination, and while the appraiser did not follow that direction of the collector, he did open and examine "not less than one package of every invoice and not less than one package of every ten packages of merchandise," which was held to be a compliance with the mandatory provisions of section 499, *supra*. In holding the appraisement in that case to be a valid one, the appellate court said:

Any failure of duty upon his [the Appraiser's] part was not in failing to comply with a mandatory provision of the statute, but failure to comply with a discretionary order of the collector.

On the record before me, it is my judgment, and I so hold, that there was no compliance with the provision of section 499, *supra*, relating to the designation and examination of imported merchandise, and therefore hold the appraisement of the instant merchandise to be null and void.

Prior to the final submission of this case, counsel for the respective parties entered into a stipulation wherein it is agreed:

(1) In the event the Court holds that the appraisement in this case was not illegal, null and void, then the appraised values represent the proper dutiable values.

(2) In the event the Court holds that the appraisement was illegal, null and void, then the entered values represent the proper dutiable values.

The effect of the foregoing agreement is to have the court find a value for the merchandise in question, which, in the light of my conclusion, I have no authority to do under the holding of our appellate court in the case of *United States* v. *Daniel F. Young, Inc.* (*Minobu Trading Corp.*), *et al.*, 27 C. C. P. A. 124, C. A. D. 73. That case also involved the question of whether there had been a compliance with section 499 of the Tariff Act of 1930 in the appraisement of merchandise, and it was urged by counsel for the Government that if the court found the appraisement to be null and void, it was its duty to proceed and find a value for the merchandise there involved. Answering that contention, the court said:

> It is well settled that where it appears that an appraisement by a local appraiser is invalid and void, the trial court, on an appeal for reappraisement, and, in turn, the appellate division of the Customs Court, should so hold, and that, in such cases, neither of those courts has authority to find values. *United States* v. *V. W. Davis*, 20 C. C. P. A. (Customs) 305; T. D. 46087; *United States* v. *F. W. Woolworth Co., et al., supra; United States* v. *C. J. Tower & Sons*, 24 C. C. P. A. (Customs) 456; T. D. 48912.

Following the decision in the *Young* case, *supra*, the appraisement in this case is held to be null and void *ab initio*, and this appeal to reappraisement is accordingly dismissed. Judgment will be rendered accordingly.