(C. D. 814)

NEW YORK MERCHANDISE CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

` (Decided November 27, 1943)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Frank X. O'Donnell, Jr., James F. Donnelly,* and *Richard F. Weeks,* special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: These protests which arose at the port ,of Los Angeles, Calif., allege as follows:

Your liquidation is invalid because based upon a void and illegal appraisement. You did not designate, nor did the examiner and appraiser; examine, at least one out of 10 packages as provided for in section 499.

These protests are before us on rehearing, having been decided adversely to the importer's contention in a decision reported in 6 Cust. Ct. 75, C. D. 430. When the case was originally before the court no testimony was offered in support of the claims made in the pleadings and the court ruled that on the papers as submitted the action of the collector was legal. The importer's attorney then asked for a rehearing in order that he might offer testimony, explaining that he had thought he could get along without testimony because of certain decisions cited in his motion for rehearing. Said rehearing was granted. The writer of this opinion was not a member of the court that granted the rehearing.

Upon rehearing testimony was taken, briefs submitted by both sides and the cases are now before us again for decision.

Two points of objection are suggested by the plaintiff's attorney. One is that the designation of packages for examination as made by

the collector, was illegal, and hence that the appraisement based on such examination was void, with the consequence that the liquidation based on the appraisement was void. The second point is that irrespective of the validity of the designation, the appraiser did not make a proper examination, for which reason his appraisement is void.

We shall first take up the question of the designation of packages. That is necessary only in protest 993605–G, for on the invoices covered by protest 993607–G the examination packages are plainly designated on the summary sheet attached to the invoice, by their individual numbers. Moreover, plaintiff's attorney specifically abandons his contention as to the illegality of the designation insofar as that protest in concerned.

The entry covered by protest 993605–G was filed July 1, 1932, and comprised 3 invoices, covering a total of 207 cases according to the consumption entry permit, admitted in evidence as exhibit 1, 100 packages according to plaintiff's attorney, and 210 packages according to the original decision reported in C. D. 430. However, the number of packages designated for examination totaled 25, which was more than 10 per centum in any event. As stated, we have before us the consumption entry permit and that shows that 25 packages were sent to the appraiser's stores for examination and those 25 packages were designated on the permit by their individual numbers. It is true that the collector did not specify said individual numbers on the summary sheet also, as he did on the summary sheets attached to the invoices covered by the companion protest. Why he did not do so is not satisfactorily explained. What he did was to place in the space on the summary sheet of each invoice the total number of packages he had ordered in instead of the individual numbers of the packages. On invoice number 1 he indicated "9"; on invoice number 2 he indicated in the same way "8"; and on invoice number three he indicated "8."

At the hearing the examiner who passed upon the merchandise was called to testify and he was able to identify by notations he had made on the invoices the cases he had examined. The cases or packages so identified corresponded with the cases or packages shown by the consumption entry permit to have been designated by the collector. So we have proof in the form of the permit (exhibit 1) that the collector did designate for examination the statutory number of packages, and also proof in the examiner's testimony that he actually examined the packages ordered in by the collector.

These proven facts make inapplicable the decisions relied on by plaintiff's counsel, viz, Reap. Dec. 4558, 5235, and 5560. In the first named, reported in 2 Cust. Ct. 911, a portion of the goods, clearly less than 10 per centum, was ordered for examination at the appraiser's stores, and "Bal. 1 in 10 on whf," and there was a complete failure to show any examination of the goods on the wharf. In Reap. Dec.

5235, reported in 6 Cust. Ct. 924, the goods were matches and the designation "Ex on Whf 1 in 10," and it was shown that samplers did not take samples of the matches from 1 case in 10; hence there was no proper examination. In Reap. Dec. 5560, reported in 8 Cust. Ct. 595, 3 reels of paper out of 1,213 were designated for examination at the appraiser's stores and 10 per centum of the balance on the wharf. It was shown that there was no examination on the wharf. It is obvious that under these circumstances there was no proper examination of the goods and that was sufficient to render the appraisement void, under the decisions, without regard to the manner of designation. Hence, the expressions in the decisions as to the desirability of designating by marks and numbers may be treated as *obiter*.

On the other hand, in the case of *Carey* v. *United States*, 16 Ct. Cust. Appls. 382, T. D. 43118, the action of the collector in inscribing "Greene Street" in the space set apart for designating the examination packages was held legal and proper, when, as it appeared, the appraiser examined all the packages. In *United States* v. *Davis*, 20 C. C. P. A. 305, T. D. 46087, where the collector inscribed in said space the number of the railway car in which the beef arrived, the designation was held to be legal and to be a mandate to the appraiser to examine all the merchandise. In *Montgomery Ward* v. *United States*, 4 Cust. Ct. 587, Reap. Dec. 4710, the designation "Ten percent" was held sufficient.

Under the authorities we hold that the designation herein complained of was legal and proper and that there was a substantial compliance with the statute.

The alternative contention made by plaintiff's counsel is that the examination of the merchandise was not sufficient in that "opening some cartons and not all of the cartons contained in the examination packages is an improper examination." We see no merit in this contention. If counsel is to be taken literally the appraiser would be obliged to open every immediate container in the examination packages, whether it be a tin of fish, or of fruit juice, or tomato paste, or a bottle of oil, or medicinal preparation or other liquid, or a package of sensitized paper, films, etc. It appears from the testimony herein that the examination packages were opened, that the examiner made such examination as to assure himself that the goods corresponded to the invoice, both in kind, quality, and quantity. If such examination satisfied the examiner it was sufficient and it is certainly sufficient under the statute, section 500 of the Tariff Act of 1930. If citation of authority be required, the case of *United States* v. *Beermaker*, 23 C. C. P. A. 48, T. D. 47714, is in point.

For the reasons above set forth plaintiff's claims are overruled, and judgment will be rendered for the defendant.